UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FELIX JAVIER MALDONADO CORTEZ,

Petitioner,

v. Case No. 3:26-cv-1854-MMH-LLL

WARDEN, NORTH FLORIDA DETENTION FACILITY and U.S. ATTORNEY GENERAL,

Respondents.

---

**ORDER**

Petitioner Felix Javier Maldonado Cortez, an immigration detainee, initiated this action by filing a pro se Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1; Petition) on July 20, 2026. See generally Petition. Cortez, a citizen of Venezuela, was paroled into the United States on September 29, 2024. Id. at 2. On February 26, 2026, local authorities arrested Cortez in Osceola County, Florida, on criminal charges. Id. at 3. After serving a two-month sentence, Cortez was transferred into the custody of United States Immigration and Customs Enforcement (ICE). Id. The crux of Cortez's Petition is that he is not subject to mandatory detention under 8 U.S.C. §

1225(b)(2).[1] See id. at 3–5. As relief, he seeks, inter alia, immediate release. Id. at 5.

The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Cortez, who is detained at or near the border, paroled into the United States, and is re-detained over a year later, its reasoning also applies to this case. Cortez was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Cortez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.

---

[1] The Federal Respondents understand the Petition to raise a claim under the Immigration and Nationality Act. See generally Doc. 5. Therefore, the Court construes the Petition to assert a claim under that statute. See United States v. Ogiekpolor, 122 F.4th 1296, 1304 (11th Cir. 2024) ("[Courts] liberally construe pro se filings.").

Within **seven days** of this Order, Respondents shall either afford Cortez an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Cortez, at least **five (5) hours** before releasing him, Respondents shall provide him with access to a telephone to arrange transportation from the detention facility.

2. Respondent Warden's Motion to Dismiss (Doc. 6) is **DENIED**. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778, *4–5 (M.D. Fla. Apr. 21, 2026).

3. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 12th day of August, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

lc36
c:
Felix Javier Maldonado Cortez, #244736304
Counsel of Record